**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF OKLAHOMA**

Filed/Docketed
June 29, 2006

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| 4 FRONT PETROLEUM, INC., | ) | Case No. 04-10979-R |
| | ) | Chapter 7 |
| Debtor. | ) | |
| | ) | |
| IN RE: | ) | |
| | ) | |
| GIT-N-GO, INC., | ) | Case No. 04-10509-R |
| | ) | Chapter 11 |
| Debtor. | ) | |
| | ) | |
| PATRICK J. MALLOY, III, | ) | |
| as Trustee in Bankruptcy of the | ) | |
| Debtor, 4 Front Petroleum, Inc., | ) | |
| | ) | |
| Plaintiff, | ) | Adv. No. 06-1170-R |
| | ) | |
| v. | ) | |
| | ) | |
| ROBERT D. HAWK, ROBERT D. | ) | |
| HAWK, JR., ERIC BYFORD, RON | ) | |
| FORD, PAUL A. STEPHENS, | ) | |
| JAMES O. LEWIS, LESLIE | ) | |
| MARTIN, RON WELCH, and | ) | |
| ALVAREZ & MARSAL, INC., | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER GRANTING PLAINTIFF'S**
**MOTION FOR ABSTENTION AND REMAND TO STATE COURT**

Before the Court is Plaintiff's Motion for Order Remanding Matter to State Court and/or Abstention (Doc. 8) and Plaintiff's Brief in Support of his Motion to Remand and for Order of Abstention (Doc. 9), filed by Plaintiff Patrick J. Malloy, III, as Trustee in Bankruptcy of the Debtor, 4 Front Petroleum, Inc. ("Trustee") on April 10, 2006, as

supplemented by the Plaintiff's Reply to Response And Objection of Defendant Alvarez and Marsal, L.L.C. (Alvarez) To Plaintiff's Motion To Strike Motion To Dismiss Or For Extension Of Time To Respond And Supplement To Plaintiff's Motion To Remand (Doc. 13) filed on April 12, 2006 (collectively, "Remand/Abstention Motion"); Plaintiff/Trustee's Notice Pursuant to Rule 9027 of BRCP [sic] Of Plaintiff/Trustee's Denial That The Claims Asserted By The Plaintiff/Trustee Represent A Core Proceeding And Further Denial Of Plaintiff/Trustee's Consent To The Entry Of Any Final Order Or Judgment In This Matter By The Bankruptcy Court (Doc. 7), filed by the Trustee on April 10, 2006 ("Trustee's Rule 9027 Notice"); the Response and Objection of Defendant Alvarez & Marsal, LLC to Plaintiff's Motions for Remand and Abstention (Doc. 22), filed by Defendant Alvarez & Marsal, LLC ("A&M") on April 25, 2006 (the "Response"); and Plaintiff's Reply to the Response and Objection of Defendant Alvarez & Marsal, Inc. To Plaintiff's Motion for Remand and Abstention (Doc. 34), filed by the Trustee on May 12, 2006 ("Reply").

**I.      Jurisdiction**

The Court has jurisdiction to consider the Remand/Abstention Motion by virtue of 28 U.S.C. §§ 1334(b) and (c), 1452(b), and 157(a), (b)(1), (b)(3) and (c); and Local Civil Rule 84.1(a) of the United States District Court for the Northern District of Oklahoma ("LCvR 84.1").

**II.     Procedural history and contentions of the parties**

On March 17, 2006, the Trustee filed a Petition in the District Court in Tulsa County, Oklahoma, against officers and directors of 4 Front Petroleum, Inc. ("4 Front") (collectively,

"4 Front Management"), officers and directors of Git-N-Go, Inc. ("GNG") (collectively, "GNG Management"),[1] and A&M (the "State Court Lawsuit").[2] Against members of 4 Front Management, the Trustee asserts claims of various breaches of fiduciary duty. Against members of GNG Management, the Trustee asserts a claim for breach of fiduciary duties GNG owed to 4 Front in its capacity as a substantial creditor of GNG. With respect to A&M, the Trustee charges that A&M aided and abetted GNG Management's breach of fiduciary duties to 4 Front, that A&M breached fiduciary duties A&M itself owed to 4 Front as a "control person" of 4 Front and as a "control person" of GNG, and that A&M committed professional negligence (malpractice) to the detriment of 4 Front. The Trustee timely demanded a jury trial.

On March 31, 2006, A&M filed the Notice of Removal and Petition for Removal of Defendant Alvarez & Marsal, LLC (Doc. 1) ("Notice of Removal") in In re 4 Front Petroleum, Inc., Case No. 04-10979-R (the "4 Front Bankruptcy Case"). A&M also filed a Notice of Filing of Notice of Removal and Petition for Removal in In re Git-N-Go, Inc., Case No. 04-10509-R (the "GNG Bankruptcy Case"). A&M contends that the claims advanced in the Petition are "core" proceedings that "arise in" either or both bankruptcy cases. Notice of Removal at 4; Response at 2-24. The Trustee denies that any of the claims in the State

---

[1] The Trustee alleges that all of 4 Front's directors were also directors of GNG and that during the relevant time period, 4 Front's president, defendant Ford, was also president of GNG.

[2] The Trustee alleges that A&M was retained by GNG as a financial or turnaround consultant and effectively managed GNG and 4 Front, both alleged to be insolvent, during the time period relevant to the Petition.

3

Court Lawsuit constitute "core" proceedings. Rule 9027 Notice at ¶ 2; Remand/Abstention Motion at 2, 7-10. The Trustee does not consent to the entry of any final order or judgment by this Court. Rule 9027 Notice at ¶ 3; Remand/Abstention Motion at 2.

The Trustee argues that this Court must remand this proceeding for lack of jurisdiction or because all defendants did not consent to removal under the "Rule of Unanimity." In the alternative, the Trustee contends that the Court must abstain from hearing this proceeding under the mandatory abstention provision of 28 U.S.C. § 1334(c)(2), or should abstain after weighing equitable factors articulated in cases applying the permissive abstention provision of 28 U.S.C. § 1334(c)(1), and in each case, the Trustee requests the Court to remand the proceeding to the State Court. A&M argues that because the Trustee's claims are "core," the mandatory abstention provision does not apply, and even if the claims are not "core,"an equitable balancing of the circumstances should result in denial of the Remand/Abstention Motion.

### III. Findings of fact and conclusions of law

Section 1452 of title 28 of the United States Code provides–

(a) A party may remove any claim or cause of action in a civil action . . . to the district court for the district where such civil action is pending, if such district court has jurisdiction of such claim or cause of action under section 1334 of this title [which grants federal jurisdiction over proceedings arising under title 11, arising in cases under title 11, or related to cases under title 11].

28 U.S.C. § 1452(a). Bankruptcy Rule 9027 provides the procedure for removing an action from a state court to a federal district court. The United States District Court for the Northern District of Oklahoma has referred all claims and causes of action removed pursuant

4

to Bankruptcy Rule 9027 to "the bankruptcy judge assigned to the case to which the removed action relates." LCvR 84.1(a)(4). "The bankruptcy judge shall hear and determine all such removed proceedings subject to review and appeal as allowed under 28 U.S.C. §§ 157 and 158 and the Federal Rules of Bankruptcy Procedure." Id. Section 1452(b) provides that "[t]he court to which such claim or cause of action is removed may remand such claim or cause of action on any equitable ground." 28 U.S.C. § 1452(b).

Section 1334(c) governs abstention. It states–

> (c)(1) Nothing in this section prevents a district court in the interest of justice or in the interest of comity with State courts or respect for State law, from abstaining from hearing a particular proceeding arising under title 11 or arising in or related to a case under title 11.
>
> (2) Upon timely motion of a party in a proceeding based upon a State law claim or State law cause of action, related to a case under title 11 but not arising under title 11 or arising in a case under title 11, with respect to which an action could not have been commenced in a court of the United States absent jurisdiction under this section [1334], the district court shall abstain from hearing such proceeding if an action is commenced, and can be timely adjudicated, in a State forum of appropriate jurisdiction.

28 U.S.C. § 1334(c).

### A.   Mandatory Abstention

If abstention is mandatory, discussion of permissive abstention or equitable remand under Section 1452(b) will be unnecessary because remand will be required regardless of the balance of equitable factors which are common to both permissive abstention and equitable remand. See Personette v. Kennedy (In re Midgard Corp.), 204 B.R. 764, 770 (B.A.P. 10th Cir. 1997) (court is *required* to remand removed action to State Court if all requirements of

5

the mandatory abstention statute are met).[3] The elements of mandatory abstention are (1) a party to a proceeding has filed a timely motion for abstention; (2) the proceeding is based on a State law claim or State law cause of action; (3) the proceeding does not arise under title 11 or arise in a case under title 11 (*i.e.*, is not a "core" proceeding), but is "related to" a case under title 11 (*i.e.*, is a "non-core" proceeding), (4) there is no ground for federal jurisdiction other than "related to" jurisdiction under Section 1334; and (5) an action has been commenced in an appropriate State forum and can be timely adjudicated there. See 28 U.S.C. § 1334(c)(2).

   *1.    Timely motion*

No statute or rule governs when a motion to abstain must be filed. "Given this lack of direction . . . , it has been held that 'a party acts in a timely fashion when he or she moves [for abstention] as soon as possible after he or she should have learned the grounds for such a motion.'" Personette, 204 B.R. at 776 (citations omitted). The Trustee filed his Remand/Abstention Motion ten days after the Notice of Removal was filed with this Court. The Court concludes that the Remand/Abstention Motion was timely.

   *2.    State law claims*

In his Petition, the Trustee asserts claims of breaches of various fiduciary duties and negligence. The Petition is wholly based on state law; the Trustee seeks no recovery on any

---

[3] Because the Court concludes herein that it has at least "related to" jurisdiction over this proceeding, the Trustee's argument for remand due to lack of jurisdiction in this Court is rejected.

bankruptcy or other federal law claims. A&M concedes that the claims asserted by the Trustee are based upon state law. Response at 29.

### 3. "Related to" jurisdiction

The mandatory abstention provision requires that the Court determine, as a threshold issue, that the proceeding does not arise under title 11 or arise in a title 11 case, but is merely "related to" a case under title 11. This parallels the determination of whether a proceeding is "core" (*i.e.*, "arising under title 11 or arising in a case under title 11" (see 28 U.S.C. § 157(b)(1)) or "non-core" (*i.e.*, "otherwise related to a case under title 11" (see 28 U.S.C. § 157(b)(3)). In the Tenth Circuit, "[c]ore proceedings are proceedings which have no existence outside of bankruptcy." Gardner v. United States (In re Gardner), 913 F.2d 1515, 1518 (10th Cir. 1990). "Actions which do not depend on the bankruptcy laws for their existence and which could proceed in another court are not core proceedings." Id. See also Personette, 204 B.R. at 771 ("a proceeding 'arises under' the Bankruptcy Code if it asserts a cause of action created by the Code"; "[p]roceedings 'arising in' . . . a bankruptcy case are those that could not exist outside of a bankruptcy case, but that are not causes of action created by the Bankruptcy Code"); Official Committee of Unsecured Creditors v. Elkins (In re Integrated Health Services, Inc.), 291 B.R. 615, 618 (Bankr. D. Del. 2003) (in the Third Circuit, "a proceeding is core (1) if it invokes a substantive right provided by title 11 or (2) if it is a proceeding, that by its nature, could arise only in the context of a bankruptcy case" (quotations and citations omitted)).

7

The Trustee commenced the State Court Lawsuit on behalf of the estate of 4 Front, asserting claims against the members of 4 Front's Management, members of GNG's Management and A&M, none of whom are debtors in bankruptcy. The claims asserted by the Trustee–breach of fiduciary duty and negligence–are claims that arise under state law. None of the claims arise under title 11, nor do they arise in a case under title 11, as 4 Front would have been able to assert these claims against these parties regardless of whether 4 Front was a Chapter 7 debtor. None of the claims depend on bankruptcy laws for their existence, and the claims could proceed in State Court where they were first asserted. Therefore the Trustee's claims are at most "related to" the 4 Front Bankruptcy Case and the GNG Bankruptcy Case.

"A proceeding is 'related to' a bankruptcy case if it could have been commenced in federal or state court independently of the bankruptcy case, but the 'outcome of that proceeding could conceivably have an effect on the estate being administered in bankruptcy.'" Personette, 204 B.R. at 771, *quoting* Gardner, 913 F.2d at 1518. "Related proceedings 'include (1) causes of action owned by the debtor which become property of the estate pursuant to 11 U.S.C. § 541, and (2) suits between third parties which have an effect on the bankruptcy estate.'" Id., *quoting* Celotex Corp. v. Edwards, 514 U.S. 300, 307 n.5 (1995). Because the Trustee is asserting claims that arose prior to the commencement of the 4 Front Bankruptcy Case, and thus "causes of action owned by the debtor which became property of the estate pursuant to 11 U.S.C. § 541," and because the outcome of the litigation

8

could increase the size of the estate distributable to 4 Front's creditors, the proceeding is "related to" the 4 Front Bankruptcy Case.

A&M argues that the proceeding is "core" under 28 U.S.C. § 157(b)(A), (B) and (O) because (1) the proceeding will "adjust" the debtor/creditor relationship between 4 Front and GNG (citing the Trustee's proofs of claim in the GNG Bankruptcy Case as evidence of a debtor/creditor relationship);[4] (2) the outcome of this proceeding could enhance distribution to 4 Front creditors and therefore affects "administration" of the estate and constitutes an "adjustment" of 4 Front's relationship with its creditors; (3) the assertion of claims against officers and directors of both 4 Front and GNG will result in competition for directors and officers insurance policy proceeds that may affect the amount available for distribution to both estates; (4) A&M was a court-appointed professional in the GNG Bankruptcy Case and therefore this Court has continuing jurisdiction to supervise A&M's conduct with respect to its retention by GNG;[5] (5) the Court has already assessed A&M's services to GNG and

---

[4] The Trustee filed two proofs of claim in the GNG Bankruptcy Case asserting claims against the debtor GNG, *not* against GNG Management or A&M. The Trustee's claims were liquidated and allowed pursuant to an Order Granting the Joint Motion for Order Authorizing and Approving a Settlement Agreement Among and Between Git-N-Go, Inc., Hale-Halsell Company, 4 Front Petroleum, Inc., The F&M Bank & Trust Company, and Citgo Petroleum Corporation and Notice of Opportunity for Hearing (Exhibit E to the Response). Under the settlement agreement, "[t]he 4 Front Proof of Claim against Git-N-Go [was] allowed as a general unsecured claim in the Git-N-Go Case in the amount of $5,051,827; provided, however, such allowed claim amount shall be reduced to the extent and amount that the allowed claims filed in the 4 Front case are reduced, either by objection or compromise." Joint Motion, Exhibit D to Response, at 15. This proceeding will not "adjust" the debtor/creditor relationship between 4 Front and GNG.

[5] The Court notes that A&M ceased rendering services to the GNG estate in December 2004. See Third Application of Alvarez & Marsal as Financial Advisor Serving as Chief Restructuring Officer for Debtor in Possession for Interim Compensation and Reimbursement

approved them upon the entry of a final compensation order, and the Trustee's claims against A&M constitute a "direct and collateral attack upon the court's administration of the GnG case";[6] (6) the conduct of Citgo, a creditor of 4 Front and GNG, may be implicated in A&M's defense of the claims and therefore the outcome of this proceeding might affect Citgo's claim against 4 Front; (7) members of 4 Front Management and GNG Management may have indemnification rights against 4 Front and GNG arising out of the Trustee's claims, and those claims may have to be determined in the respective bankruptcy cases; (8) the resolution of the Trustee's claims will have a lasting impact on the "reorganization industry" nationwide and on "substantive rights afforded by Congress to putative debtors under the

---

of Expenses and Notice of Opportunity for Hearing (GNG Doc. 1193).  On November 9, 2005, the Court entered an Order Confirming Second Amended Joint Plan of Liquidation of Git-N-Go, Inc. as Modified, wherein GNG received a discharge of debts other than timely filed allowed administrative expenses claims, and GNG's property was conveyed to a liquidating trust.  On February 9, 2006, the Court entered a Final Order Approving and Allowing Compensation and Reimbursement of Expenses of Former Financial Advisor Serving as Chief Restructuring Officer for Debtor-in-Possession, Alvarez & Marsal, L.L.C. (GNG Doc. 1533).

[6]The order approving A&M's compensation in the GNG Bankruptcy Case assessed the benefit of A&M's services *to the GNG estate*, not the benefit of such services (or, conversely, the detriment) to 4 Front.  Further, the order approving A&M's compensation did not purport to review or assess any services rendered by A&M to GNG (or 4 Front) prior to the commencement of the GNG Bankruptcy Case.   The Trustee concedes that A&M's services benefitted GNG, but argues that "the benefit was conferred at the expense of, and with substantial harm to, 4 Front."  Reply at 18.

Bankruptcy Code";[7] and (9) the Court is familiar with the pre and post-bankruptcy history of both 4 Front and GNG.

Although these factors lend support to the conclusion that the outcome of the proceeding could "conceivably have an effect on the estate" and therefore confer "related to" jurisdiction on this Court,[8] none of A&M's contentions establish that this proceeding could by its nature arise *only* in the context of a bankruptcy case. The Trustee's allegations that 4 Front Management and GNG Management deliberately incurred debt on behalf of 4 Front for GNG's sole benefit, and to the detriment of 4 Front and its creditors, and therefore breached fiduciary duties imposed by Oklahoma corporate law, and that A&M assisted in such breaches and negligently advised GNG and 4 Front, are "quintessential state law causes of action" and are not bankruptcy causes of action.  Official Committee of Unsecured

---

[7]The Trustee contends, and the Court agrees, that the claims asserted against A&M and the other defendants are not unprecedented, and in any case, the impact on the "reorganization industry" is irrelevant to the distinction between "core" and "non-core" proceedings. See Reply at 26 and cases cited therein. Further, A&M fails to articulate any substantive right under the Bankruptcy Code that would be undermined by the resolution by the State Court of claims of breach of fiduciary duty and negligence that allegedly arose out of conduct occurring prior to the filing of 4 Front's bankruptcy petition. Further, to the extent that the Trustee alleges that GNG Management and A&M breached duties to 4 Front after GNG filed its Chapter 11 petition, the Court is not aware of any provision of the Bankruptcy Code that authorizes officers and directors of a debtor in possession, or its professionals, to breach duties owed to non-debtor third parties without consequence.

[8]For example, proceedings in which creditors or investors assert claims against officers and directors of a debtor often generate contractual or common law indemnity or contribution claims by the officers and directors against the bankruptcy estate. Because the outcome of litigation against officers and directors could result in the assertion of a claim by the directors and officers against the estate, such proceedings could conceivably increase the number and amount of claims against the estate and are thus "related to" the bankruptcy case. Parrett v. Bank One, N.A. (In re Nat'l Century Financial Enter., Inc., Investment Litigation), 323 F. Supp.2d 861, 869-70, 874-75 (S.D. Ohio 2004).

11

Creditors v. Elkins (In re Integrated Health Services, Inc.), 291 B.R. 615, 618 (Bankr. D. Del. 2003). The mere fact that the Plaintiff in this proceeding is 4 Front's bankruptcy trustee does not convert state law claims into claims "arising under title 11" or claims "arising in a case under title 11." Furthermore, the alleged wrongful conduct occurred prior to the commencement of the 4 Front bankruptcy case and therefore the proceeding does not fall within the class of state law claims that are deemed to be "core" because the defendant has breached a post-petition contract, that is, one entered into with a bankruptcy trustee or debtor in possession. See, e.g., Southmark Corp. v. Coopers & Lybrand (In re Southmark Corp.), 163 F.3d 925, 931-32 (5th Cir. 1999) (debtor's suit against professionals employed by the estate for post-petition breaches of duties owed to the estate was "core"); Arnold Print Works, Inc. v. Apkin (In re Arnold Print Works, Inc.), 815 F.2d 165 (1st Cir. 1987).[9]

The Court concludes that the claims asserted by the Trustee do not arise under title 11 or arise in a bankruptcy case, but are "related to" the 4 Front Bankruptcy Case and the GNG Bankruptcy Case, and thus the third prong of the mandatory abstention provision is met.

---

[9]Although the Trustee alleges that A&M's conduct during its employment as a professional in the GNG Bankruptcy Case caused 4 Front harm, this alleged conduct does not constitute a breach of a post-petition contract or constitute a post-petition tort as to 4 Front because 4 Front was not yet a debtor at the time of the alleged breach. Further, the Trustee does not allege that A&M breached duties to GNG, who was a debtor at the time. Thus, the rationale of the Arnold Print Works case, that a third party who contracts with or otherwise deals with a known debtor in bankruptcy has assented to the full "core" jurisdiction of the bankruptcy court for a breach of a duty arising out of the post-petition relationship, is not applicable in this case. See Arnold Print Works, 815 F.2d at 169-70.

*4.     No other basis for federal jurisdiction*

No federal questions are raised by the Trustee in his Petition, so federal jurisdiction does not arise under 28 U.S.C. § 1331.[10]   Nor is there complete diversity of the parties, as the Trustee is a citizen of the State of Oklahoma, acting on behalf of the estate of an Oklahoma corporation whose place of business was in Oklahoma, and several of the defendants are alleged to be citizens of the State of Oklahoma.  Thus, the Petition does not allege federal jurisdiction under 28 U.S.C. § 1332(a).[11]  Accordingly, this proceeding could not have been commenced in federal court absent jurisdiction under 28 U.S.C. § 1334.

*5.     Availability of timely adjudication in State Court*

In Personette, the Bankruptcy Appellate Panel of the Tenth Circuit Court of Appeals held that notwithstanding the absence of a parallel *pending* proceeding in state court, a removed proceeding may be subject to mandatory abstention.  Personette, 204 B.R. at 774. See also Mt. McKinley Ins. Co. v. Corning Inc., 399 F.3d 436, 446-47 (2d Cir. 2005); Southmark Corp. v. Coopers & Lybrand (In re Southmark Corp.), 163 F.3d 925, 929 (5th Cir.

---

[10] Section 1331 provides:  "The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.

[11] Section 1332(a) provides:

> The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States.

28 U.S.C. § 1332(a).  For the purposes of Section 1332, "a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business . . . ." 28 U.S.C. § 1332(c)(1).

13

1999); Robinson v. Michigan Consolidated Gas Co., 918 F.2d 579, 584 n.3 (6th Cir. 1990). The Bankruptcy Appellate Panel in Personette noted that Section 1334(c)(2) does not require that the state court proceeding be pending at the time of abstention, just that the proceeding had been "'commenced' in a state forum of appropriate jurisdiction." Personette, 204 B.R. at 774. An action that has been removed from state court to federal court was "commenced in a state forum."

In this case, the Trustee filed his Petition in Tulsa County District Court. In the Petition, the Trustee alleges that the Tulsa County District Court has jurisdiction over the subject matter and parties pursuant to 12 O.S. § 2004(F) and that venue is proper in Tulsa County pursuant to 12 O.S. § 137 and 139. A&M does not challenge the jurisdiction of the Tulsa County District Court over this proceeding or argue that venue is improper. Thus, the Court concludes that an action has been "commenced" in a "State forum of appropriate jurisdiction." 28 U.S.C. § 1334(c)(2).

Section 1334(c)(2) requires abstention only if the proceeding can be "timely adjudicated" in State Court. "The phrase 'timely adjudication' is not defined in the Bankruptcy Code. Courts interpreting this phrase have focused on whether allowing an action to proceed in state court will have any unfavorable effect on the administration of a bankruptcy case." Personette, 204 B.R. at 778.

> In considering whether allowing a case to proceed in state court will adversely affect the administration of a bankruptcy case, courts have considered some or all of the following factors: (1) backlog of the state court and federal court calendar; (2) status of the proceeding in state court prior to being removed (i.e., whether discovery had been commenced); (3) status of the

14

>proceeding in the bankruptcy court; (4) the complexity of the issues to be resolved; (5) whether the parties consent to the bankruptcy court entering judgment in the non-core case; (6) whether a jury demand has been made; and (7) whether the underlying bankruptcy case is a reorganization or liquidation case.

Personette, 204 B.R. at 778-79 (citations and footnotes omitted).

Consideration of these factors weighs in favor of finding that the proceeding can be timely adjudicated in State Court.  First, neither 4 Front nor GNG are reorganizing; both estates are being liquidated for the benefit of creditors.  "[I]n a chapter 7 case or a chapter 11 case with a confirmed liquidating plan, where the primary concern is the orderly accumulation and distribution of assets, the requirement of timely adjudication is seldom significant."  Personette, 204 B.R. at 779.  Therefore, in this case, whether resolution of the Trustee's claims against 4 Front Management, GNG Management and A&M would be speedier in this Court or in State Court is not as important as the Trustee's choice of forum, which should be respected in absence of compelling circumstances to the contrary.  The Court must assume that the Trustee, a fiduciary charged with acting in the best interests of the 4 Front estate, had a legitimate reason for choosing to file his claims in State Court rather than in this Court, and the Court will defer to the judgment of the Trustee that his claims can be liquidated in a timely manner in State Court.

Further, and importantly, the Trustee does not consent to the entry of final orders by this Court.[12]  Absent consent, this Court's non-core jurisdiction is limited to hearing the

---

[12]The Trustee does not indicate whether he consents to this Court conducting a jury trial.  However, the Court may conduct a jury trial only with the "express consent of all the

15

evidence and submitting proposed findings of fact and conclusions of law to the District Court. See 28 U.S.C. § 157(c)(1). The parties may object to this Court's proposed findings and conclusions, and the District Court must render a *de novo* review of matters drawing objections before entering a final judgment. Id. This procedure is inefficient, generates a multitude of repetitive pleadings, is expensive, doubles the judicial resources devoted to the matter, and substantially increases the duration of the litigation. A trial in State Court before a judge and jury who are empowered to make binding findings of fact and final conclusions of law will almost always be more efficient than the multi-tiered procedure imposed by 28 U.S.C. § 157(c)(1).

Analysis of the other Personette factors does not convince the Court that this proceeding cannot be timely adjudicated in State Court. The proceeding is in its earliest stages. No substantive issues have been resolved in the State Court or in this Court. A&M's motion to dismiss, and the answers of the other defendants, were only recently filed. No scheduling order has been entered by this Court. The fact that the issues raised in the proceeding may be complex does not necessarily influence whether this proceeding would

---

parties." 28 U.S.C. § 157(e). There is no evidence that *all* parties to this proceeding consent to a jury trial before this Court; therefore, at this time, the Trustee's demand for a jury trial may be met only in State Court.

There is no merit to A&M's argument that the Trustee waived his right to a jury on claims against 4 Front Management, GNG Management and A&M by filing a proof of claim in the GNG Bankruptcy Case. GNG is not a party to this proceeding. While filing a proof of claim in the GNG Bankruptcy Case waives the right to a jury trial on claims by or against GNG, it has absolutely no effect on the Trustee's claims against parties other than GNG. See, e.g., Langenkamp v. Culp, 498 U.S. 42 (1990) (a creditor that files a proof of claim in debtor's bankruptcy case waives the right to jury trial on *the debtor's* claims against the creditor).

16

be resolved more expediently in this Court or in State Court. However, these issues arise exclusively under state law.[13]

Upon consideration of the Personette factors, the Court concludes that this proceeding could be timely adjudicated in State Court and that administration of the 4 Front Bankruptcy Case and the GNG Bankruptcy Case will not be adversely affected if this Court abstains and the proceeding is remanded to State Court.

## IV.   Conclusion

Because all elements of the mandatory abstention statute are present, the Court must abstain from hearing this proceeding and, consequently, remands the matter to Tulsa County District Court.[14] In light of this result, the Court need not address the requirements for permissive abstention or the application of the Rule of Unanimity to this proceeding.

---

[13] The Court declines to consider the relative caseloads of this Court and the State Court because the parties concede that State Court caseload statistics are not readily available. Response at 36; Reply at 29.

[14] Section 1452(b) provides that "[t]he court to which such claim or cause of action is removed may remand such claim or cause of action on any equitable ground." 28 U.S.C. § 1452(b). The Court concludes that because "remand may best promote the values of economy, convenience, fairness and comity," equity favors the *remand* of a removed proceeding subject to mandatory abstention rather than its dismissal. Carnegie-Mellon University v. Cohill, 484 U.S. 343, 353 (1988) (endorsing the remand to state court of pendent state claims asserted in a properly removed proceeding, rather than dismissal of such claims, after federal court loses jurisdiction upon voluntary dismissal of federal claims). See also Personette, 204 B.R. at 774; Lozano v. Swift Energy Co. (In re Wright), 231 B.R. 597, 602-04 (Bankr. W.D. Tex. 1999) (remand under Section 1452 is appropriate upon determination that abstention from hearing a removed proceeding is mandatory).

17

**V.     Directions to the Clerk**

The Clerk of the Bankruptcy Court is directed to transmit the record in this proceeding to the Clerk of the District Court in and for Tulsa County, Oklahoma, and file a certificate of such transmission in this proceeding.

**SO ORDERED** this 29th day of June, 2006.

*/s/ Dana L. Rasure*
DANA L. RASURE
UNITED STATES BANKRUPTCY JUDGE